UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL HUNTER and
JORDEN JUDGE, individuals,

      Plaintiffs,                       Case No.: 2:26-cv-11227

v                                     Hon. Stephen J. Murphy, III

CITY OF WYANDOTTE, a municipality,
BRIAN ZALEWSKI, in his individual capacity, and
ARCHIE HAMILTON, in his individual and official capacities,

      Defendants.

| | |
|---|---|
| NAKISHA N. CHANEY (P65066) | TIMOTHY S. FERRAND (P39583) |
| Salvatore Prescott Porter & Porter PLLC | Cummings, McClorey, Davis & Acho, PLC |
| Attorneys for Plaintiffs | Attorney for Defendants |
| 105 E. Main Street | 19176 Hall Road, Suite 205 |
| Northville, MI 48167 | Clinton Township, MI  48038 |
| (248) 679-8711 | (586) 228-5600 |
| chaney@sppplaw.com | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## <u>ANSWER TO COMPLAINT</u>

Defendants, CITY OF WYANDOTTE, BRIAN ZALEWSKI, and ARCHIE HAMILTON, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Answer to Plaintiffs' Complaint, provide as follows:

## PRELIMINARY STATEMENT

1. Defendants deny this allegation which is untrue and unsupported in fact and law, vague, ambiguous and ill-defined.

2. Defendants deny this allegation which is untrue and unsupported in fact and law, vague, ambiguous and ill-defined.

3. Defendants deny First Amendment violations, Breach of Contract and/or Negligence, assert that these claims are barred as a matter of law, and deny the remainder of the allegation, which is untrue and unsupported in fact and law.

## PARTIES, JURISDICTION AND VENUE

4. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

5. Defendants deny this allegation which is untrue and unsupported in fact and law.

6. Defendants admit that Brian Zalewski is the Former Chief of Police for the City of Wyandotte and resident of the District.  Defendants lack knowledge and/or information sufficient to form a belief as to the basis of Plaintiffs' "information and belief" and to the remainder of the allegation.

7. Defendants deny individual liability and deny the remainder of the allegation which is untrue and unsupported in fact and law.

8. Defendants admit that Archie Hamilton is the Chief of Police for the City of Wyandotte and resident of the District.  Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is not relevant to any claim or defense.

9. Defendants deny that Chief Hamilton is individually or officially liable and deny the remainder of the allegation, which is untrue and unsupported in fact and law.

10. Defendants admit.

11. Defendants deny this allegation which is untrue and unsupported in fact and law.

12. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

13. Defendants deny this allegation which is untrue and unsupported in fact and law.

14. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

## MATERIAL ALLEGATIONS

15. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

16. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

17. Defendants lack knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without and/or out of context.

18. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without and/or out of context.

19. Defendants deny this allegation which is untrue and unsupported in fact and law.

20. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

21. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of or without context.

22. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of or without context.

23. Defendants deny this allegation which is untrue and unsupported in fact and law.

24. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-

defined.

## PLAINTIFFS EXPRESS CONCERNS ABOUT ABUSIVE POLICE PRACTICES

25. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

26. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

27. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

28. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

29. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

30. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

31. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

32. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

33. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and provided without content and/or context.

34.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without content and/or context.

35.     Defendants deny this allegation which is untrue and unsupported in fact and law.

36.     Defendants deny this allegation which is based on a false premise and facts which are not in evidence.  Defendants lack knowledge and/or information sufficient to form a belief as to Plaintiff's contacts with WXYZ Channel 7.

37.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

## DEFENDANTS INVESTIGATE PLAINTIFFS

38.     Defendants lack knowledge and/or information sufficient to form a belief regarding Plaintiffs' "information and belief" and lack knowledge and/or information regarding the remainder of the allegation which is vague, ambiguous and ill-defined.

39.     Defendants deny this allegation which is based on a false premise and facts which are not in evidence.  Defendants deny the remainder of the allegation, which is untrue and unsupported in fact and law.

40.     Defendants deny this allegation which is based on a false premise and facts which are not in evidence.  Defendants deny the remainder of the allegation, which is untrue and unsupported in fact and law.

41.     Defendants deny this allegation which is based on a false premise and facts which are not in evidence.  Defendants deny the remainder of the allegation, which is untrue and unsupported in fact and law.

42.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined and provided out of or without context.

43.     Defendants deny this allegation which is based on a false premise and facts which are not in evidence.  Defendants deny the reminder of the allegation, which is untrue and unsupported in fact and law.

44.     Defendants deny this allegation which is untrue and unsupported in fact and law.

45.     Defendants deny this allegation which is untrue and unsupported in fact and law.

## NEIL HUNTER IS INVESTIGATED, REPRIMANDED AND FORCED TO RETIRE

46.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without or out of context.

47.     Defendants deny this allegation which is untrue, unsupported in fact and law, based on a false premise and facts which are not in evidence.

48.     Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided out of or without context.

49.     Defendants deny this allegation which is untrue and unsupported in fact and law.

50.     Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

51.      Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

52.     Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

53.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without or out of context.

54.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

55.     Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

56. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

57. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

58. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

59. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

60. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

61. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

62. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

63. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

64. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

65. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

66. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without or out of context.

67. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

68. Defendants admit that the City received a Request for Personnel File. Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

69. Defendants lack knowledge and/or information regarding Plaintiffs' observations and lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous and ill-defined.

70. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is based on a false premise and facts which are not in evidence, vague, ambiguous and ill-defined.

71. Defendants admit that Hunter was placed on Paid Administrative Leave. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous, ill-defined and based on a false premise.

72. Defendants deny this allegation which is untrue and unsupported in fact and law.

73. Defendants deny this allegation which is untrue and unsupported in fact

and law.

74.     Defendants admit that Hunter retired his position September 16, 2025. Defendants deny the remainder of the allegation, which is untrue and unsupported in fact and law.

## JORDEN JUDGE IS FIRED

75.     Defendants deny this allegation which is untrue and unsupported in fact and law.

76.     Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided out of or without context.

77.     Defendants deny this allegation which is untrue and unsupported in fact and law.

## THE CITY BREACHES ITS AGREEMENT WITH JUDGE

78.     Defendants admit that the Union filed a Grievance regarding the termination of Judge's employment.   Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

79.     Defendants admit that the Grievance was resolved.   Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous, ill-defined, incomplete and provided out of context.

80.     Defendants deny this allegation which is untrue and unsupported in fact

and law.

81. Defendants deny this allegation which is untrue and unsupported in fact and law.

82. Defendants deny this allegation which is untrue and unsupported in fact and law.

83. Defendants deny this allegation which is untrue and unsupported in fact and law.

84. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

85. Defendants deny this allegation which is untrue and unsupported in fact and law.

86. Defendants deny this allegation which is untrue and unsupported in fact and law.

87. Defendants deny this allegation which is untrue and unsupported in fact and law.

## THE FIRST AMENDMENT PROTECTS PLAINTIFFS' SPEECH

88. Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and based on a false premise.

89. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and provided without or out of context.

90. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without or out of context.

91. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without or out of context.

92. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without or out of context.

93. Defendants deny this allegation which is untrue and unsupported in fact and law.

94. Defendants deny this allegation which is untrue and unsupported in fact and law.

## THE CITY OF WYANDOTTE IS LIABLE

95. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

96. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

97. Defendants deny this allegation which is untrue, unsupported in fact

and law and based on a false premise.

98. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

99. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

100. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

101. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

102. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

103. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

104. Defendants deny this allegation which is untrue, unsupported in fact and law and based on a false premise.

<u>COUNT I</u>
**FIRST AMENDMENT RETALIATION**
**U.S. CONST. AMEND. 1**
**(ON BEHALF OF PLAINTIFFS HUNTER AND**
**JUDGE AGAINST ALL DEFENDANTS)**

105. Defendants incorporate by reference their answers to Allegations 1 - 104.

106. Defendants deny this allegation which is untrue and unsupported in fact and law.

107. Defendants deny this allegation which is untrue and unsupported in fact and law.

108. Defendants deny this allegation which is untrue and unsupported in fact and law.

109. Defendants deny this allegation which is untrue and unsupported in fact and law.

110. Defendants deny this allegation which is untrue and unsupported in fact and law.

111. Defendants deny this allegation which is untrue and unsupported in fact and law.

112. Defendants deny this allegation which is untrue and unsupported in fact and law.

113. Defendants deny this allegation which is untrue and unsupported in fact and law.

114. Defendants deny this allegation which is untrue and unsupported in fact and law.

## COUNT II
## BREACH OF CONTRACT
## (PLAINTIFF JUDGE AGAINST DEFENDANT CITY OF WYANDOTTE)

115. Defendants incorporate by reference their answers to Allegations 1 - 114.

116. Defendants deny this allegation which is untrue and unsupported in fact and law.

117. Defendants deny this allegation which is untrue and unsupported in fact and law.

118. Defendants deny this allegation which is untrue and unsupported in fact and law.

119. Defendants deny this allegation which is untrue and unsupported in fact and law.

120. Defendants deny this allegation which is untrue and unsupported in fact and law.

121. Defendants deny this allegation which is untrue and unsupported in fact and law.

## COUNT III
### NEGLIGENCE
### (PLAINTIFF JUDGE AGAINST DEFENDANT ARCHIE HAMILTON)

122. Defendants incorporate by reference their answers to Allegations 1 – 121.

123. Defendants deny this allegation which is untrue and unsupported in fact and law.

{02580863-1} 16

124.   Defendants deny this allegation which is untrue and unsupported in fact and law.

125.   Defendants deny this allegation which is untrue and unsupported in fact and law.

126.   Defendants deny this allegation which is untrue and unsupported in fact and law.

127.   Defendants deny this allegation which is untrue and unsupported in fact and law.

128.   Defendants deny this allegation which is untrue and unsupported in fact and law.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above-entitled litigation, denying all relief sought by Plaintiffs and awarding these Defendants their costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ TIMOTHY S. FERRAND
      TIMOTHY S. FERRAND (P39583)
      Attorney for Defendants
      19176 Hall Road, Suite 205
      Clinton Township, MI 48038
Dated: May 26, 2026          (586) 228-5600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL HUNTER and
JORDEN JUDGE, individuals,

        Plaintiffs,

v

CITY OF WYANDOTTE, a
municipality, BRIAN ZALEWSKI,
in his individual capacity, and
ARCHIE HAMILTON, in his
individual and official capacities,

        Defendants.

Case No.: 2:26-cv-11227

Hon. Stephen J. Murphy, III

| | |
|---|---|
| NAKISHA N. CHANEY (P65066)<br>Salvatore Prescott Porter & Porter PLLC<br>Attorneys for Plaintiffs<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>chaney@sppplaw.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorney for Defendants<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## **AFFIRMATIVE DEFENSES**

Defendants, CITY OF WYANDOTTE, BRIAN ZALEWSKI, and ARCHIE

HAMILTON, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS

& ACHO, PLC, for their Affirmative Defenses, provide as follows:

1.    Plaintiffs have failed to state a claim and/or cause of action upon which

relief may be granted.

{02580863-1 }

2. The City of Wyandotte is a Governmental Entity which cannot be held vicariously liable for the alleged Constitutional Deprivations of its employees.

3. Plaintiffs' claims against the City of Wyandotte are barred by Plaintiffs failure to identify a municipal policy, practice or custom which caused a Constitutional Deprivation.

4. The City of Wyandotte is a Governmental Entity immunized from Tort Liability. MCL 691.1407(1).

5. Plaintiffs have failed to state a claim and/or cause of action against the City of Wyandotte in avoidance of governmental immunity.

6. Former Chief of Police Brian Zalewski and Chief of Police Archie Hamilton are Governmental Officials entitled to Good Faith and Qualified Immunity.

7. Former Chief of Police Brian Zalewski and Chief of Police Archie Hamilton are both Highest Appointed Officials entitled to Absolute Immunity form Tort Liability under MCL 691.1407(5).

8. Former Chief of Police and Chief of Police Archie Hamilton are Governmental Employees immunized from Tort liability pursuant to MCL 691.1407(2).

9. Plaintiffs have failed to state a claim and/or cause of action in avoidance of Governmental Immunity.

{02580863-1} 2

10. Plaintiffs Negligence claims are barred by Governmental Immunity.

11. There are no Contracts or Agreements between Plaintiffs and the City of Wyandotte.

12. Plaintiffs' claims for Breach of Contract are barred by the Collective Bargaining Agreement.

13. Plaintiffs' claims for Breach of Contract are barred by Plaintiffs failure to exhaust Administrative Remedies provided by the Collective Bargaining Agreement.

14. Plaintiffs' claims for Breach of Contract are barred by the Grievance Provisions of the Collective Bargaining Agreement.

15. Plaintiffs' claims for Breach of Contract are barred the Arbitration Provisions of the Collective Bargaining Agreement.

16. This Court lacks jurisdiction to adjudicate Breach of Contract claims arising out of an Employment Setting and/or Collective Bargaining Agreement.

17. Plaintiffs' claims of First Amendment Retaliation are barred as Plaintiffs were not engaged in Protected Conduct as defined by the First Amendment.

18. Plaintiffs' claims of First Amendment Retaliation are barred as Plaintiffs did not speak as private citizens.

19. Plaintiffs' claims of First Amendment Retaliation are barred as

Plaintiffs' communications were pursuant to their public duties and/or personal grievances.

20.     Plaintiffs' claims of First Amendment Retaliation are barred as Plaintiffs' interest in speaking as they did was outweighed by the Defendants' interest as employer in promoting the efficiency of the public service Defendants provides.

21.     Plaintiffs' communications between each other do not constitute speech on a matter of public concern, nor public speech protected by the First Amendment.

22.     Plaintiffs' complaints/concerns communicated between co-workers do not constitute public speech, nor speech on a matter of public concern.

23.     Plaintiffs' complaints regarding personnel matters and matters of internal discipline and/or the wisdom of internal disciplinary matters, do not constitute speech on a matter of public concern.

24.     Plaintiffs' First Amendment claims are barred by Plaintiffs' failure to identify any specific statement and/or communication regarding a matter of public concern made as a private citizen.

25.     Plaintiffs' communications regarding other officers conduct arises strictly out of their employment situation and do not constitute protected speech.

26.     The Employment actions taken by Defendant were not motivated by speech, protected by the First Amendment.

{02580863-1 }4

27.     The Employment actions taken by Defendant arise out of legitimate and non-retaliatory purposes.

28.     Plaintiffs have failed to identify a causal connection or causal link between any protected speech or action and any employment action.

29.     Plaintiff Hunter's decision to retire terminates his claim for damages and eliminates any claim of retaliation.

30.     Plaintiff Hunter's voluntary resignation constitutes an election of remedies.

31.     Plaintiff Hunter's voluntary decision to retire constitutes a waiver of claims.

32.     Plaintiffs' claims are barred in whole, or in part, by the applicable Statutes of Limitations.

33.     Plaintiffs' claims are barred in whole, or in part, by Plaintiffs' failure to exhaust their administrative remedies.

34.     Defendants reserve the right to add additional Affirmative Defenses as they become known through investigation and the discovery process.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:     /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Defendants
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: May 26, 2026

{02580863-1}5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL HUNTER and
JORDEN JUDGE, individuals,

      Plaintiffs,                          Case No.: 2:26-cv-11227

v                                       Hon. Stephen J. Murphy, III

CITY OF WYANDOTTE, a
municipality, BRIAN ZALEWSKI,
in his individual capacity, and
ARCHIE HAMILTON, in his
individual and official capacities,

      Defendants.

| | |
|---|---|
| Nakisha N. Chaney (P65066) | Timothy S. Ferrand (P39583) |
| Salvatore Prescott Porter & Porter PLLC | Cummings, McClorey, Davis & Acho, PLC |
| Attorneys for Plaintiffs | Attorney for Defendants |
| 105 E. Main Street | 19176 Hall Road, Suite 205 |
| Northville, MI 48167 | Clinton Township, MI  48038 |
| (248) 679-8711 | (586) 228-5600 |
| chaney@sppplaw.com | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## RELIANCE ON JURY DEMAND

Defendants, CITY OF WYANDOTTE, BRIAN ZALEWSKI, and ARCHIE HAMILTON, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, hereby rely upon the Jury Demand previously filed by Plaintiffs in the above-entitled cause of action.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ TIMOTHY S. FERRAND
        TIMOTHY S. FERRAND (P39583)
        Attorney for Defendants
        19176 Hall Road, Suite 205
        Clinton Township, MI 48038
Dated: May 26, 2026        (586) 228-5600

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ Timothy S. Ferrand

{02580863-1 }2