UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL HUNTER and
JORDEN JUDGE, individuals,

      Plaintiffs,

v

CITY OF WYANDOTTE, a municipality,
BRIAN ZALEWSKI, in his individual capacity, and
ARCHIE HAMILTON, in his individual and official capacities,

      Defendants.

Case No.: 2:26-cv-11227

Hon. Stephen J. Murphy, III

Mag. Kimberly G. Altman

| | |
|---|---|
| NAKISHA N. CHANEY (P65066)<br>Salvatore Prescott Porter & Porter PLLC<br>Attorney for Plaintiffs<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>chaney@sppplaw.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorney for Defendants<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## JOINT RULE 26(f) PLAN AND STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **June 17, 2026, at 11:00 a.m.** Appearing for the parties as counsel will be:

Nakisha N. Chaney – Counsel for Plaintiffs

Timothy S. Ferrand – Counsel for Defendants

**1.**     **Jurisdiction**:  The basis for the Court's jurisdiction is 28 U.S.C. §1331, §1343(a)(3), and 28 U.S.C. § 1367(c).

**2.** **Statement of the Case: Plaintiffs' Statement of Claims**: Plaintiffs are Neil Hunter and Jorden Judge, former Wyandotte police officers who bring this case for First Amendment retaliation and, as to Judge, breach of contract and (gross) negligence. Plaintiffs allege that they exercised their First Amendment rights to express opposition to alleged abusive and unconstitutional police practices. Judge also communicated with the media and made a report to the Michigan Attorney General's office about police misconduct. Plaintiffs allege they were retaliated against because of their speech and, as to Hunter, for exercising his right to consult and retain counsel. In addition, Judge has claims for breach of contract and (gross) negligence. Judge signed a settlement agreement after her termination. Per the agreement, she released her claims. In exchange, the City agreed to change her personnel file to reflect a resignation, and not a termination. This was the City's principal consideration for the release. In addition, Defendant Archie Hamilton, who is the Chief of Police, had a statutory duty to update the police licensing agency, MCOLES, upon the change in Judge's status from termination to resignation. Judge alleges that neither the City nor Hamilton abided by their respective contractual and statutory duties. She also believes they failed to do so in retaliation for her prior speech. She, therefore, brings her action for First Amendment retaliation, breach of contract and (gross) negligence.  The parties do not dispute the formation of the contract. The contract does not have a forum-selection or arbitration clause. The

contract does provide that it will be governed and construed according to the laws of the State of Michigan.

**Defendants' Statement of Defenses**: Defendants have answered and provided affirmative defenses. The Defendants assert that Plaintiffs did not engage in protected speech and that the employment actions were conducted for legitimate, non-retaliatory reasons. The complaint does not identify a City policy which violates or caused a violation of the First Amendment. Hunter chose to retire (during an investigation) selecting his remedy. The claims of Breach of Contract are barred by the Collective Bargaining Agreement and Plaintiff failure to exhaust administrative remedies. The Claims of Negligence are barred by Governmental Immunity and Absolute Immunity.

3.      **Pendent State Claims**:  This case does include pendent state claims. They are breach of contract and (gross) negligence on behalf of Jorden Judge. The breach of contract claim is against the City for failing to modify Judge's personnel file to reflect a resignation and not a termination as required by a settlement agreement. The (gross) negligence claim is against Defendant Hamilton for failing to notify MCOLES of Judge's resignation. Both omissions are also bases for the First Amendment retaliation claim.

4.      **Joinder of Parties and Amendments of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend

the pleadings by **September 30, 2026**.

5.    **Disclosures and Exchanges:** The parties have agreed to make available the following documents without the need of a formal request for production:

**From Plaintiffs to Defendants**: Defendants already possess many of the relevant documents.

**From Defendants to Plaintiffs**: Plaintiffs already possess many of the relevant documents.

6.    **Discovery**:  The parties believe that all discovery proceedings can be completed by February 27, 2027. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| | |
|---|---|
| Discovery Begins: | June 15, 2026 |
| Initial Disclosures Due: | July 27, 2027 |
| Witness List Disclosures Due: | November 30, 2026 |
| Expert Disclosures Due: | December 30, 2026 |
| Rebuttal Expert Disclosures Due: | January 31, 2027 |
| Discovery Ends: | February 26, 2027 |
| Dispositive Motions Due: | March 27, 2027 |

7.    **Disclosure/Discovery of Electronically Stored Information**. The parties have discussed the production of electronically stored information and

suggest that such information be handled as follows:  The parties agree that ESI can be produced in PDF or other readable, convenient electronic format but native and original documents shall be preserved. The parties are not aware of existing issues regarding the production of electronically stored information. However, issues regarding the production of electronically stored information shall be brought to the Court's attention if the parties are unable to resolve the issue through a good faith meet-and-confer.

8.      **Assertion of Claims of Privilege or Work-Product Immunity After Production.** As to documents protected by the attorney-client privilege or work product doctrine that are inadvertently produced, the parties agree to the process set forth in Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

9.      **Motions:** The parties acknowledge that Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1.  All non-dispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Civil Rule 78(b) allows the Court to

submit and determine motions on the briefs, without a hearing. Last, the parties acknowledge that the Court prefers the parties do not file courtesy copies of motions and briefs. The following dispositive motions are contemplated by each party:

**Plaintiffs**:  A motion for summary judgment if appropriate after discovery.

**Defendants**: A motion for summary judgment.

10.     **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that the case be submitted to the following method(s) of alternative dispute resolution:

**Plaintiffs**: Plaintiffs are amenable to EDR, facilitative mediation and settlement conferences with the Magistrate Judge.

**Defendants**: Defendants are amendable to facilitative mediation and settlement conferences with the Magistrate Judge

11.     **Jury or Non-Jury**: This case is to be tried before a jury.

12.     **Length of Trial**: Counsel estimate the trial will last approximately 16 – 18 days, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

7-9 days for Plaintiffs' case

9 days for Defendants' case

**13.    Prospects of Settlement**: The parties have not engaged in settlement discussions. The Parties will explore early settlement and will continue to consider all settlement options as this litigation proceeds.

**14.    Electronic Document Filing System**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

**15.    Other**: The parties agree that the deposition of a party's expert witness shall not count against the presumptive limitation. Plaintiffs also ask the Court to direct that the deposition of the City's 30(b)(6) witness shall be regarded as one deposition for purposes of the presumptive limitations regardless of how many witnesses the City elects to designate for the deposition. Defendants do not agree that the deposition of the City's 30(b)(6) witness should count as one deposition, given Plaintiffs' request may require more than one witness.

/s/ Nakisha N. Chaney (w/permission)          /s/ Timothy S. Ferrand
NAKISHA N. CHANEY (P65066)                    TIMOTHY S. FERRAND (P39583)
Salvatore Prescott Porter & Porter PLLC       Cummings, McClorey, Davis & Acho, PLC
Attorney for Plaintiffs                       Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

**Cummings, McClorey, Davis & Acho, PLC**

By:    /s/ Timothy S. Ferrand